1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SEYFARTH SHAW LLP
Mark P. Grajski (SBN 178050)
mgrajski@seyfarth.com
Lindsay S. Fitch (SBN 238227)
lfitch@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone:     (916) 448-0159
Facsimile:     (916) 558-4839

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KYLE BRAGER,

                                Plaintiff,

          v.

COSTCO WHOLESALE CORPORATION,
a corporation; and DOES 1-25, inclusive,

                                Defendants.

Case No.

**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE U.S. DISTRICT COURT**

Complaint Filed:  December 4, 2018

**TO THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendant Costco Wholesale Corporation ("Costco") is filing this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, based on diversity of citizenship jurisdiction, to effect the removal of the above-captioned action from the California Superior Court, County of San Joaquin to the United States District Court for the Eastern District of California. Removal is proper for the following reasons:

/ / /

/ / /

/ / /

1

## I.   BACKGROUND

1.     This removal involves an action that was filed in the Superior Court of the State of California, County of San Joaquin, entitled, "*KYLE BRAGER, Plaintiff, v. COSTCO WHOLESALE CORPORATION and DOES 1-25, inclusive Defendants*" ("Complaint") designated San Joaquin County Superior Court Case No. STK-CV- UWT-2018-1511.

2.     Plaintiff Kyle Brager filed the Complaint on December 4, 2018.

3.     The Complaint alleges causes of action for (1) declaratory relief; (2) sexual orientation harassment in violation of Gov. Code. § 12940(j); (3) disability discrimination in violation of Gov. Code. § 12940(a); (4) Failure to accommodate in violation of Gov. Code. § 12940(m); (5) failure to engage in the interactive process in violation of Gov. Code. § 12940(n); (6) failure to prevent discrimination, harassment and retaliation in violation of Gov. Code. § 12940(k); (7) retaliation under FEHA in violation of Gov. Code. § 12940(h) & (l); and (8) wrongful termination in violation of public policy.  (*See* **Ex. 1**, Complaint.)

4.     Defendant denies the allegations and that it owes anything by the Complaint, but treat the Complaint's allegations as true for purposes of this Notice of Removal only.

## II.   PROCEEDINGS IN STATE COURT

5.     On December 4, 2018, Plaintiff served Costco's agent for service with the Summons, Complaint, Civil Case Cover Sheet, and the Notice of Case Management Conference in the State Court Action.  A true and correct copy of the Summons, Complaint, Civil Case Cover Sheet, and the Notice of Case Management Conference is attached as **Exhibit 1.**

6.     Costco answered the Complaint on January 4, 2019.  A true and correct copy of the Answer is attached hereto as **Exhibit 2**.

7.     **Exhibits 1 & 2** constitute all pleadings, process, and orders served on defendant, and filed by defendant, in this action

## III.   TIMELINESS OF REMOVAL

8.     This notice of removal is timely filed as it is filed less than one year from the date this action was commenced and within thirty days of service upon Costco of the Complaint or other paper from which it could first be ascertained that the case is one which is or has become removable.  28

2

U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint).

## IV.   DIVERSITY JURISDICTION

9.     This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. § 1441(a) as the amount in controversy is in excess of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

10.     **Plaintiff is a citizen of California.** Plaintiff is a resident and citizen of the State of California.  For diversity purposes, a natural person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l,* 243 F.3d 546, 546 (9th Cir. 2000) (*citing Lew v. Moss,* 797 F.2d 747, 750 (9th Cir. 1986)).  A person's domicile is the place he or she resides with the intent to remain indefinitely.  *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001).  Residence is prima facie evidence of domicile.  State Farm Mut. Auto Ins. Co. v. Dyer, 29 F.3d 514, 520 (10th Cir. 1994).

11.     According to the Complaint, Plaintiff is a resident of the State of California. (Compl., ¶ 1)  The Complaint also alleges that Plaintiff worked for Costco in San Joaquin County, California. (*Id*., ¶ 11.) The Complaint further alleges that the alleged wrongful conduct took place in the County of San Joaquin, California. (*Id*.)  Based on information from Plaintiff's personnel file and information submitted throughout the course of Plaintiff's employment, Plaintiff has, without exception, listed a California address as his current address, which demonstrates "an intent to remain" in California and establishes his domicile in California.  Neither Plaintiff nor Plaintiff's counsel has provided a different address or indicated that Plaintiff does not intend to remain domiciled in California.  Plaintiff, therefore, is, and has been at all times since this action commenced, a citizen of California.

12.     **Costco is a citizen of Washington.** Costco is now, and was, at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. Section 1332(c)(1).

DEFENDANT'S NOTICE OF REMOVAL

52701169v.1

13.     Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *See also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)).  At all relevant times, Costco was, and still is, a Washington corporation with its principal place of business in Issaquah, Washington.

14.     The United States Supreme Court in *The Hertz Corp. v. Friend* held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's "nerve center."  *And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center"* ....

559 U.S. 77, 92-93 (2010) (emphasis added).

15.     Costco's "nerve center" is in Washington because Issaquah, Washington, is the site of Costco's corporate headquarters and executive offices, where Costco's high-level officers direct, control, and coordinate Costco's activities. Accordingly, Costco is a citizen of the State of Washington.

16.     **Doe Defendants Are Disregarded.**  The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal.  28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."). Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of the naming of Doe defendants 1 through 25, inclusive, does not deprive this Court of jurisdiction.

## V.     AMOUNT IN CONTROVERSY

17.     While Costco denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.00.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996).  The jurisdictional amount may be determined from the face of the complaint.  *Singer v.*

4

*State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  However, as explained by the Ninth

Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the

complaint."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may

consider facts presented in the removal petition).  A plaintiff cannot evade federal jurisdiction by

alleging that the amount in controversy falls below the jurisdictional minimum.  *Standard Fire Ins. Co.

v. Knowles*, 133 S.Ct. 1345, 1350 (2013); *Rodriguez v. AT&T Mobility Serv. LLC*, 728 F.3d 975, 978-82

(9th Cir. 2013).

      18.     Plaintiff alleges eight claims for relief arising out of purported sexual harassment

and disability discrimination. Plaintiff seeks general damages, special damages/lost wages, lost benefits,

punitive damages, attorneys' fees, and costs.  (*See* Compl. at Prayer, ¶¶ 1–10.)  In determining the

amount in controversy, the Court must consider the aggregate of general damages, special damages,

punitive damages, and attorneys' fees.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.

1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of

whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident

Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where

recoverable under state law); *Conrad Assoc.'s v. Hartford Accident & Ind. Co.*, 994 F. Supp. 1196, 1198

(N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

      19.     **Similar Verdicts Exceed $75,000.**  To establish the amount in controversy, a

defendant may rely on jury verdicts in cases involving similar facts.  *Simmons v. PCR Tech.*, 209 F.

Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

California jury verdicts in similar cases often exceed $75,000.  *See, e.g.*, *Tapia v. San Gabriel Transit

Inc., Los Angeles Sup. Ct.*, Case No. BC482433 (December 18, 2015) ($1,289,849 verdict on plaintiff's

claims for disability discrimination and violation of the CFRA); *Ko v. The Square Group LLC dba The

Square Supermarket*, Los Angeles Sup. Ct., Case No. BC487739 (June 16, 2014) ($190,712.36 verdict

on plaintiff's claims for disability discrimination, retaliation, wrongful termination in violation of public

policy, and wage and hour claims and $500,000 in punitive damages); *Behar v. Union Bank*, Los

Angeles Sup. Ct., Case No. BC427993 (April 9, 2013) ($2,563,630 verdict on (two) plaintiffs' claims

for age discrimination and harassment, national origin discrimination and harassment, breach of contract

DEFENDANT'S NOTICE OF REMOVAL

and defamation claims); *Kamali v. Cal. Dept. of Transp.*, Los Angeles Sup. Ct., Case No. BC426247 (December 20, 2012) (verdict for $663,983 on plaintiff's claims for national origin and disability discrimination); *Rosales v. Career Sys. Devel. Corp.*, E.D. Cal., Case No. 08CV01383 (WBS) (August 20, 2010) (verdict for $238,000 on plaintiff's claims under the FEHA for national origin discrimination, age discrimination, retaliation, and wrongful termination); *Hernandez v. Regents of the Univ. of Cal.*, Alameda County Sup. Ct., Case No. RG06272564 (June 29, 2010) (verdict for $266,347 on disability discrimination, national origin discrimination, and retaliation claims); *see also Landau v. Cty. of Riverside*, 2010 WL 1648442, C.D. Cal., Case No. 2:07-cv-06807 (February 12, 2010) (award of $1,033,500 to employee who brought action against employer based disability discrimination and failure to accommodate); *Dodd v. Haight Brown & Bonesteel LLP*, 2010 WL 4845808, Los Angeles Sup. Ct., Case No. BC413813 (October 15, 2010) (award of $410,520 to employee wrongfully terminated based on disability and medical condition); *Ybarra v. Dacor Holding Inc.*, 2010 WL 2404221, Los Angeles Sup. Ct., Case No. KC-054144 (February 26, 2010) (award of $615,236 to employee in disability discrimination and wrongful termination action); *Morales v. Los Angeles County Metro. Transp. Auth.*, 2008 WL 4488427, Los Angeles Sup. Ct., Case No. BC339557 (August 19, 2008) (award of $2,247,137 to employee terminated due to disability); *Ismen v. Beverly Hosp.*, 2008 WL 4056258, Los Angeles Sup. Ct., Cas No. BC366198 (August 13, 2008) (award of $1,180,164 in disability discrimination and failure to accommodate action where employee lost his position after suffering on the job injury); *Vaughn v. CNA Cas. of Cal.*, 2008 WL 4056256, C.D. Cal., Case No. 06CV00859 (JVS) (February 28, 2008) (award of $850,000 to employee in disability discrimination action); *Orue v. Sears, Roebuck & Co.*, 2007 WL 2456108, Los Angeles Sup. Ct., Case No. BC347252 (August 1, 2007) (award of $173,056 to employee who brought action based on disability and age discrimination against employer who wrongfully terminated him); *Martin v. Arrow Elect.*, 2006 WL 2044626, C.D. Cal., Case No. SACV041134JVS (June 12, 2006) (award of $1,500,000 to employee who was wrongfully terminated based upon the disabilities he developed during his employment); *Shay v. TG Const., Inc.*, 2002 WL 31415020, Ventura County Sup. Ct., Case No. SC-028511 (January 1, 2002) (award of $462,500 to employee wrongfully terminated on basis of disability).

DEFENDANT'S NOTICE OF REMOVAL
52701169v.1

20.   **Attorneys' Fees Exceed $75,000.**  Plaintiff also seeks attorneys' fees in connection with his FEHA claims.  Verdicts in comparable cases show that attorneys' fees typically exceed $75,000.00.  *See Denenberg v. Cal. Dep't of Transp.*, 2007 WL 2827715 (San Diego County Sup. Ct. Sept. 14, 2006) (attorney's fees award of $490,000.00 in case alleging discrimination, harassment, and retaliation); *McMillan v. City of Los Angeles*, 2005 WL 3729094 (Los Angeles County Sup. Ct. March 21, 2005) (attorney's fees award of $504,926.00 in case alleging discrimination and retaliation for filing lawsuit to redress discrimination); *Gallegos v. Los Angeles City College*, 2003 WL 23336379 (Los Angeles County Sup. Ct. Oct. 16, 2003) (attorney's fees award of $159,277.00 for claim of discrimination and retaliation).  Therefore, the inclusion of a claim for attorneys' fees also supports the conclusion that the amount in controversy exceeds $75,000.00.

21.   **Loss of Earnings**.  Plaintiff also alleges that he is entitled to lost earning. (Compl., at Prayer, ¶ 3.)  Plaintiff alleges that his last day worked was December 7, 2016.  (*Id.*, ¶ 17.) From that time to the date of this removal filing, approximately 54 workweeks have elapsed.  At the time of his termination plaintiff made $24.65 per hour. Assuming, conservatively, that Plaintiff  would have worked 35 hours per week, his claim for lost wages totals **$46,588.50**.  Assuming a conservative trial date of 12 months after service of the Complaint, or December 5, 2019, Plaintiff's lost wages up to the point of trial, alone, will amount to approximately **$89,726.00**  This amount does not account for the other special damages Plaintiff seeks, such as losses in bonuses, deferred compensation, employment benefits, earning capacity, opportunities for employment advancement and work experience, which will further increase the claim for special damages.

22.   **General and Punitive Damages Exceed $75,000.**  In addition to lost wages, Plaintiff seeks to recover general and punitive damages.  Requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Davenport,* 325 F.2d at 787.  The amount of punitive damages awarded is based on the financial worth of the defendant, and is meant to punish the defendant in such a way that it will have a tangible financial consequence.  Without conceding that punitive damages are appropriate or applicable here, for a defendant of Costco's size, it is obvious that a punitive damages award, if assessed, would exceed $75,000.00.

DEFENDANT'S NOTICE OF REMOVAL

52701169v.1

23.     For each of the foregoing reasons, while Defendant denies any liability as to Plaintiff's claims, it is now "more likely than not" that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

**VI.     VENUE**

24.     Plaintiff filed this action in the Superior Court of California, County of San Joaquin.

25.     The County of San Joaquin lies within the jurisdiction of the United States District Court, Eastern District of California.  Therefore, without waiving Costco's right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, venue lies in the Eastern District of California pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a).  This Court is the United States District Court for the district within which the State Court Action is pending.  Thus, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).  Thus, venue lies in this Court pursuant to 28 U.S.C. § 1391.

**VII.     NOTICE OF REMOVAL ON STATE COURT**

26.     Defendant will give notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California, County of San Joaquin. This Notice of Removal is being served on all parties.

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of San Joaquin, to the United States District Court for the Eastern District of California.

DATED: January 4, 2018                    Respectfully submitted,

                                          SEYFARTH SHAW LLP


                                          By:   _/s/ Lindsay S. Fitch_
                                                Mark P. Grajski
                                                Lindsay S. Fitch

                                          Attorneys for Defendant
                                          COSTCO WHOLESALE CORPORATION

DEFENDANT'S NOTICE OF REMOVAL

52701169v.1

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 400 Capitol Mall, Suite 2350, Sacramento, California  95814-4428.  On January 4, 2019, I served the within document(s):

**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE U.S. DISTRICT COURT;**

**CIVIL COVER SHEET;**

**DEFENDANT'S NOTICE OF INTERESTED PARTIES**

**DEFENDANT'S CORPORATE DISCLOSURE STATEMENT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Sacramento, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

James A. Clark
Renee P. Ortega
Tower Legal Group, P.C.
11335 Gold Express Drive, Suite 105
Gold River, CA  95670

*Attorneys for Plaintiff*

Tel:  (916) 361-6009
Fax:  (916) 361-6019
james.clark@towerlegalgroup.com
renee.parras@owerlegalgroup.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 4, 2019, at Sacramento, California.

*Linda Ninelist*

Linda Ninelist

53814907v.1

# EXHIBIT 1

**◉ CT Corporation**

**Service of Process Transmittal**
12/05/2018
CT Log Number 534519666

| | |
|---|---|
| **TO:** | John Sullivan, Corporate Counsel<br>Costco Wholesale Corporation<br>Legal Dept., 999 Lake Drive<br>Issaquah, WA 98027- |
| **RE:** | **Process Served in California** |
| **FOR:** | Costco Wholesale Corporation  (Domestic State: WA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KYLE BRAGER, PLTF. vs. COSTCO WHOLESALE CORPORATION, ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | SUMMONS, ATTACHMENT(S), COMPLAINT |
| **COURT/AGENCY:** | San Joaquin - Superior Court - Manteca, CA<br>Case # STKCVUWT201815111 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/05/2018 at 14:08 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 CALENDAR DAYS after this summons and legal papers and served on you |
| **ATTORNEY(S) / SENDER(S):** | James A. Clark<br>TOWER LEGAL GROUP, P.C.<br>11335 GOLD EXPRESS DRIVE, SUITE 105<br>GOLD RIVER, CA 95670<br>916-361-6009 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/05/2018, Expected Purge Date: 12/10/2018<br><br>Image SOP<br><br>Email Notification,  Nicola Merrett  nmerrett@costco.com<br><br>Email Notification,  John Sullivan  JSULLIVAN@COSTCO.COM |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / DK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

12-5-18 @ 1240

**COPY**

SUM-100

| | |
|---|---|
| **SUMMONS** **BY FAX** *(CITATION JUDICIAL)* | *FOR COURT USE ONLY* *(SOLO PARA USO DE LA CORTE)* **FILED** SUPERIOR COURT STOCKTON **2018 DEC -4  AM 11: 52** ROSA JUNQUEIRO, CLERK BY  **TRUDY L. HALEY** DEPUTY |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COSTCO WHOLESALE CORPORATION, a corporation; and DOES
1-25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KYLE BRAGER

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | STK-CV-UWT-2018-15111 |

Superior Court of California, County of San Joaquin
180 E Weber Ave, Stockton, CA 95202

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James Clark, Tower Legal Group, P.C., 11335 Gold Express Drive, Sacramento, CA  95670 (916) 361-6009

| DATE: *(Fecha)* **DEC - 4 2018  ROSA JUNQUEIRO** | Clerk, by *(Secretario)* **TRUDY L. HALEY** | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Costco Wholesale Corporation, a corporation**

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 12-5-18

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

James A. Clark (SBN 278372)
Tower Legal Group, P.C.
11335 Gold Express Drive, Suite 105
Sacramento, CA 95670
TELEPHONE NO.: (916) 361-6009        FAX NO.: (916) 361-6019
ATTORNEY FOR *(Name)*: Kyle Brager

FILED
SUPERIOR COURT - STOCKTON

2018 DEC -4 AM 11: 52

ROSA JUNQUEIRO. CLERK

BY TRUDY L. HALEY
        DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Joaquin
STREET ADDRESS: 180 E Weber St
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME: Civil

CASE NAME:
Brager v. Costco Wholesale Corporation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | | STK-CV-UWT-2018- 15111 |
|---|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter | [ ] Joinder | | |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

**BY FAX**

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*: 8
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 4, 2018

James A. Clark
                (TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice— Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

COPY

FILED
SUPERIOR COURT - STOCKTON

2018 DEC -4  AM 11: 52

ROSA JUNQUEIRO. CLERK

BY TRUDY L. HALEY
           DEPUTY

1   **TOWER LEGAL GROUP, P.C.**
    James A. Clark (SBN 278372)
2   Renee P. Ortega (SBN 283441)
    11335 Gold Express Drive, Suite 105
3   Gold River, CA 95670
    Tel: (916) 361-6009
4   Fax: (916) 361-6019
    E-mail: james.clark@towerlegalgroup.com
5         renee.parras@towerlegalgroup.com

6   Attorneys for Plaintiff
    KYLE BRAGER
7

THIS CASE HAS BEEN ASSIGNED TO
JUDGE BARBARA A. KRONLUND IN
DEPARTMENT 10D FOR ALL PURPOSES,
INCLUDING TRIAL

8
9               SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10                       COUNTY OF SAN JOAQUIN

11                     UNLIMITED CIVIL JURISDICTION

12

13  KYLE BRAGER,                          Case No.   STK-CV-UWT-2018- 15 111

14            Plaintiff,                   **COMPLAINT FOR DAMAGES:**

15       v.                                1.  Declaratory Relief;
                                           2.  Sexual Orientation Harassment (Hostile
16  COSTCO WHOLESALE CORPORATION, a            Work Environment) (Cal. Gov't Code §
    corporation; and DOES 1-25, inclusive,     12940(j));
17                                         3.  Disability Discrimination (Cal. Gov't
            Defendants.                         Code § 12940(a));
18                                         4.  Failure to Accommodate (Cal. Gov't Code
                                               § 12940(m));
19                                         5.  Failure to Engage in an Interactive
                                               Process (Cal. Gov't Code § 12940(n));
20                                         6.  Failure to Prevent Discrimination,
                                               Harassment & Retaliation (Cal. Gov't
21                                             Code § 12940(k));
                                           7.  Retaliation under FEHA (Cal. Gov't Code
22                                             § 12940(h)&(l)); and
                                           8.  Wrongful Termination in Violation of
23                                             Public Policy
24
25                                         **DEMAND FOR JURY TRIAL**
26
27
28

        COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
                            - 1 -

1 | Plaintiff Kyle Brager alleges:

2 | **PARTIES**

3 | 1.      Plaintiff Kyle Brager (referred to as "Brager" or "Plaintiff" or "Plaintiff Brager") is
4 | an adult natural person who is and was at all times mentioned a resident of the State of California,
5 | and employed by Defendant Costco Wholesale Corporation, in the County of San Joaquin.

6 | 2.      Defendant Costco Wholesale Corporation ("Defendant(s)" or "Defendant Costco"),
7 | was at all times material to this Complaint, an employer of Plaintiff, doing business in the County of
8 | San Joaquin, and is an entity subject to suit before this Court.

9 | 3.      DOES 1-25 are sued under fictitious names.  Their true names and capacities are
10 | unknown to Plaintiff.  Plaintiff alleges on information and belief that DOES 1-25 are entities of
11 | unknown form who were the employers of the Plaintiff.  They are also individuals who committed
12 | the torts alleged against Plaintiff.  The true names and capacities, whether individual, corporate,
13 | associate, agency, or otherwise, of DOES 1-25, inclusive, are unknown to Plaintiff, who therefore
14 | sues the DOE Defendants by fictitious names.  Plaintiff will amend this complaint to show their true
15 | names and capacities when they have been ascertained.

16 | 4.      For the purposes of this Complaint, the terms "Defendant" and/or "Defendant Costco"
17 | and/or "DOES 1-25" will be collectively referred to as "Defendants."

18 | 5.      Plaintiff alleges on information and belief that there exists, and, at all times relevant
19 | to this Complaint, existed a unity of interests between the Defendants such that any individuality and
20 | separateness between these Defendants has ceased, and these Defendants are the alter ego of the other
21 | Defendants and extend control over each other.  Adherence to the fiction of the separate existence of
22 | these Defendants as an entity distinct from other Defendants will permit an abuse of the corporate
23 | privilege and would sanction fraud and/or promote injustice.

24 | 6.      Plaintiff alleges on information and belief that the fictitiously named Defendants were
25 | the agents, servants, and employees of Defendants and, in doing the acts and things alleged in this
26 | Complaint, were at all times acting within the course and scope of said agency, servitude, and
27 | employment and with the permission, consent, and approval or subsequent ratification of the named
28 | Defendants.

7.      Plaintiff alleges on information and belief that at all times mentioned in this Complaint, Defendants were the agents and employees of their co-defendants, and in doing the things alleged in this Complaint were acting within the scope of such agency and employment and acted in such a manner as to ratify the conduct of their co-Defendants.

8.      Plaintiff alleges on information and belief that Defendants are employers subject to suit under the California Government Code as they are organizations with employees and individuals employed by an organization doing business in the State of California.

9.      Plaintiff alleges on information and belief that Defendants are employers subject to suit under the California Civil Code as they are organizations with employees and individuals employed by an organization doing business in the State of California

10.     Plaintiff alleges on information and belief that Defendants constituted an "integrated enterprise" and "integrated employers" with interrelated operations, common management, centralized control of labor relations, and common ownership and/or financial control.  Plaintiff also alleges that the Defendants were, at all times relevant hereto, the alter egos and/or the agents of each other.  Whenever reference is made to the Defendants, it is intended to include the named Defendants as well as all of the DOE Defendants. Each of the fictitiously named DOE Defendants is responsible in some manner for the occurrences alleged and proximately caused Plaintiff's damages.

**VENUE AND JURISDICTION**

11.     Venue is proper because Plaintiff worked for Defendants in the County of San Joaquin, State of California, and because all Defendants were doing business in the County of San Joaquin, State of California, and that San Joaquin County is where Defendants' records relevant to the alleged unlawful practices are maintained and administered.  Venue is also proper because the wrongful conduct that is alleged in this Complaint took place in the County of San Joaquin, pursuant to California Government Code 12965(b).

12.     Pursuant to California Government Code 12965(b): "The civil action shall be brought in any county in which unlawful practices are alleged to have been committed, in the county in which records relevant to the alleged unlawful practices are maintained and administered, or in the county

1  in which the person claiming to be aggrieved would have worked or would have had access to public

2  accommodation, but for the alleged unlawful practices."

3      13.      Subject matter jurisdiction is met in this Court as the action incorporates an amount in

4  controversy exceeding $25,000.00.

5      14.      On or about December 5, 2017, and within the time provided by law, Plaintiff filed a

6  Complaint of Discrimination, Harassment and Retaliation with the California Department of Fair

7  Employment and Housing ("DFEH") and the DFEH issued an immediate Right to Sue on this date.

8  DFEH Matter Number: 201712 - 00258605 was assigned to Plaintiff's Complaint of

9  Discrimination.  Plaintiff has properly exhausted his administrative remedies with the DFEH.

10 ("**EXHIBIT A**")

11     15.      At all times mentioned, the California Government Code was in full force and effect

12 and binding on Defendants. Plaintiff is covered by the protections against discrimination, harassment,

13 and retaliation under the California Government Code.

14                  **FACTS COMMON TO ALL CAUSES OF ACTION**

15     16.      Plaintiff Kyle Brager is an openly gay man residing in California.

16     17.      Plaintiff Brager was employed by Defendants Costco from August 2005 through his

17 involuntary termination on or about December 7, 2016.

18     18.      During his employment, Ms. Brager was repeatedly subjected to sexual orientation

19 harassment by co-workers and managers.  Upon arrival at work, Mr. Brager was subject to, but not

20 limited to, a greeting of "Hello Faggot", and "Here come the gays".  During work hours, Mr. Brager

21 was subjected to humiliation and degrading demeanors regarding his sexual orientation by co-

22 workers and managers, often in view of customers.  On a daily basis, Mr. Brager would be referred

23 to as 'The Faggot' by co-workers and managers.  Mr. Brager opposed this conduct, and repeatedly

24 reported his opposition to managers throughout his employment, including Eugene Laughery, Rick

25 Malfatti, and Carmen Columga.  Mr. Brager demanded this conduct to cease, but no action was taken

26 by management.

27     19.      In July of 2016, Plaintiff Brager encountered a mental disability of depression and

28 anxiety, in part related to the ongoing sexual orientation harassment.  Mr. Brager requested a medical

1  leave of absence due to his disability, which required absences to properly treat his disability.  Mr.

2  Brager provided medical documentation to support his disability, and provided his management all

3  necessary paperwork.  In September of 2016, Mr. Brager returned to work full time, with a reasonable

4  accommodation of intermittent medical leave to treat his disability.  Upon his return, Mr. Brager

5  continued to be harassed due to his sexual orientation by co-workers, and Mr. Brager continued to

6  report this conduct to management who would not cease the harassment.

7       20.     On December 7, 2017, Plaintiff was terminated.    Plaintiff was informed his

8  termination was due to falsification of medical records related to his disability.  Plaintiff informed

9  Defendants all paperwork was authentic, and offered his medical provider's contact information to

10  verify.  Defendant's ignored Plaintiff's assertions and upheld his termination.

11      21.     Plaintiff now timely brings this civil action.

12                        **FIRST CAUSE OF ACTION**
                          **DECLARATORY RELIEF**
13                        **(Against All Defendants)**

14      22.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding

15  paragraphs as though fully stated here.

16      23.     *Government Code* section 12920 sets forth the public policy of the State of California:

17              "It is hereby declared as the public policy of this state that it is necessary to protect

18              and safeguard the right and opportunity of all persons to seek, obtain, and hold

19              employment without discrimination or abridgment on account of race, religious creed,

20              color, national origin, ancestry, physical disability, mental disability, medical

21              condition, genetic information, marital status, sex, gender, gender identity, gender

22              expression, age, or sexual orientation.

23              "It is recognized that the practice of denying employment opportunity and

24              discriminating in the terms of employment for these reasons foments domestic strife

25              and unrest, deprives the state of the fullest utilization of its capacities for development

26              and advancement, and substantially and adversely affects the interests of employees,

27              employers, and the public in general.

28      24.     "Further, the practice of discrimination because of race, color, religion, sex, gender,

---

gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.  It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state."

25.    *Government Code* section 12920.5 states the intent of the California legislature:

"In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution."

26.    Moreover, *Government Code* section 12921, subdivision (a) states:

"The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right."

27.    An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties. Plaintiff contends that he was discriminated and retaliated against due to his sexual orientation and disability. Plaintiff is informed and believes, and on that basis alleges, that Defendants dispute Plaintiff's contention.

28.    Pursuant to *Code of Civil Procedure* section 1060, Plaintiff desires a judicial determination of his rights and duties, and a declaration that he experienced discrimination and retaliation in the workplace of Defendants.

29.    A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for herself and on behalf of employees of the State of California and in

1  conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of

2  Defendants and to condemn such discriminatory and/or retaliatory employment policies or practices.

3  *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

4      30.    A judicial declaration is necessary and appropriate at this time such that Defendants

5  and its supervisors may also be aware of their obligations under the law to refrain from engaging in

6  discriminatory and/or retaliatory practices or violate the law and that Defendants have an obligation

7  under the law to take all steps reasonably necessary to prevent discrimination and retaliation from

8  occurring in the work place.

9      31.    A judicial declaration is necessary and appropriate at this time such that Defendants

10  and its supervisors may also be aware an adverse employment decision was substantially motivated

11  by discrimination may warrant a judicial declaration of employer wrongdoing and provide instruction

12  for the employer to change any policy of procedure to prevent reoccurring in the future.  Declaratory

13  relief, where appropriate, may serve to reaffirm the plaintiff's equal standing among his coworkers

14  and community, and to condemn discriminatory employment policies or practices. (See Code Civ.

15  Proc., § 1060 [a court may make a binding declaration of contested rights and duties].)

16      32.    A judicial declaration is necessary and appropriate at this time such that a court may

17  grant injunctive relief where appropriate to stop discriminatory practices. (See Aguilar v. Avis Rent-

18  A-Car System, Inc. (1999) 21 Cal.4th 121, 131 [courts may grant injunctive relief under the FEHA

19  to prevent discriminatory conduct from recurring]; cf. EEOC v. Ilona of Hungary (7th Cir. 1997) 108

20  F.3d 1569, 1579 [finding unlawful discrimination on the basis of religion under Title VII and

21  upholding injunctive relief -where the individuals who were found to have discriminated remain the

22  defendant's primary decision-makers].)

23      33.    A judicial declaration is necessary and appropriate at this time such that, pursuant to

24  California Government Code Section 12965(b)(3), including, without limitation, a requirement that

25  Defendant conduct training for all employees, supervisors, and management on the requirements of

26  the Fair Employment and Housing Act, the rights and remedies of those who allege a violation of the

27  Fair Employment and Housing Act and the employer's internal grievance procedures.

28      34.    *Government Code* section 12965(b) provides that an aggrieved party, such as the

1   Plaintiff herein, may be awarded reasonable attorney's fees and costs.  "In civil actions brought under

2   this section, the court, in its discretion, may award to the prevailing party, including the department,

3   reasonable attorney's fees and costs, including expert witness fees."  Such fees and costs expended

4   by an aggrieved party may be awarded for the purpose redressing, preventing, or deterring

5   discrimination.

6

7                           **SECOND CAUSE OF ACTION**
    **SEXUAL ORIENTATION HARASSMENT IN VIOLATION OF FEHA**
8              **(CAL. GOV'T CODE § 12940(j) et seq.)**
                        **(Against All Defendants)**

9        35.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding

10   paragraphs as though fully stated here.

11       36.     At all times mentioned herein, California Government Code Sections 12900, et seq.,

12   the Fair Employment and Housing Act ("FEHA") was in full force and effect.

13       37.     The California Fair Employment and Housing Act ("FEHA") prohibits employers from

14   discharging or otherwise harassing or discriminating against an employee on the basis of sexual

15   orientation in compensation, terms, conditions, or privileges of employment. Cal. Gov't Code §

16   12940(a).

17       38.     At all times mentioned in this Complaint, Plaintiff was an "eligible employee" under

18   the California Labor and Government Codes.

19       39.     At all times mentioned in this Complaint, Defendants were a "covered employer"

20   under FEHA, Cal. Gov't Code § 12900, et seq., as Defendants employed 5 or more people to perform

21   services for a salary or wage in the State of California.

22       40.     Plaintiff is a member of a protected class under FEHA, as he is gay or homosexual

23   man.

24       41.     As described above, Plaintiff was subjected to hostile work environment sexual

25   orientation harassment on a daily basis during his employment with Defendants, including but not

26   limited to, daily greetings of "Hello Faggot", "Here comes the Faggot", and nicknaming of 'The

27   Faggot".

28

42.     Plaintiff considered the treatment described above as creating a hostile work environment for Plaintiff on a daily basis while working.

43.     Plaintiff repeated reported to conduct to mangers, and demanded the conduct to cease, however no corrective actions were even taken by Defendants.

44.     Pursuant to California Government Code Sections 12900 et seq, Plaintiff had a legal right to be free from harassment, discrimination and retaliation based on his sexual orientation.

45.     Plaintiff was competently performing his job in his position for Defendants.

46.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

47.     As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

48.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment.  Defendants are liable for the conduct of said agents and employees under the doctrine of strict liability.

49.     Defendants committed these acts maliciously, fraudulently and oppressively in conscious disregard for the Plaintiff's rights.  Defendants committed and/or ratified the acts alleged herein.  These acts were committed with the knowledge of employees' lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of Defendants.  Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial.

50.     As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

### THIRD CAUSE OF ACTION
### DISABILITY DISCRIMINATION IN VIOLATION OF FEHA
### (CAL. GOV'T CODE § 12940(a) et seq.)
### (Against All Defendants)

51.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

52.     The California Fair Employment and Housing Act ("FEHA") prohibits employers from discharging or otherwise discriminating against an employee on the basis of disability in compensation, terms, conditions, or privileges of employment. Cal. Gov't Code § 12940(a).

53.     Plaintiff suffered from a disabling medical condition related to his mental disability, described above during his employment with Defendants. Plaintiff was subjected to discrimination and adverse employment action when he was terminated on or about December 7, 2017.

54.     Plaintiff alleges on information and belief that his disability and/or Defendants' belief that Plaintiff had a condition that limited his in a major life activity, was a substantial and determining factor in Defendants' decision to terminate his employment, in violation of Government Code § 12940, et seq.

55.     Plaintiff is informed and believes, and thereon alleges that he was discriminated against in the terms and conditions of his employment and retaliated against, as outlined above, as a result of his disability, and as a result of exercising his right to request and/or take medical leave from his employment.

56.     Pursuant to California Government Code Sections 12900 et seq, Plaintiff had a legal right to be free from discrimination and retaliation based on his disability and need for medical leave.

57.     Plaintiff is informed and believes, and thereon alleges that he was discriminated against in the terms and conditions of his employment and retaliated against, as outlined above, on the basis of his disability, and/or related medical conditions as set forth in violation of FEHA.

58.     Plaintiff was competently performing his job in his position for Defendants, and could perform the Essential Function with a reasonable accommodation of intermittent medical leave.

59.     Plaintiff suffered an adverse employment action, as Defendants terminated Plaintiff's employment based on his disability and related medical conditions, and/or due to his requesting and/or taking time off work due to his related medical conditions.

60.     As set forth above, the circumstances surrounding Defendant's termination of Plaintiff's employment suggest that Defendants acted with discriminatory motive.  Defendant's discriminatory and retaliatory actions would dissuade other workers from exercising their rights under FEHA.

61.     Plaintiff is informed and believes and thereon alleges that Defendants willfully and/or with reckless indifference violated California Government Code Sections 12940 et al., and discriminated and retaliated against Plaintiff as outlined above, as a result of exercising his right to take disability leave from his employment.  Such discrimination and retaliation has resulted in damage and injury to Plaintiff as alleged herein

62.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

63.     As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

64.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment.  Defendants are liable for the conduct of said agents and employees under the doctrine of strict liability.

65.     Defendants committed these acts maliciously, fraudulently and oppressively in conscious disregard for the Plaintiff's rights.  Defendants committed and/or ratified the acts alleged herein.  These acts were committed with the knowledge of employees' lack of fitness in the workplace but were allowed to proceed; by officers, directors, and/or managing agents of Defendants.  Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial.

66.     As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights.  Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION
### FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA
(CAL. GOV'T CODE § 12940(m) et seq.)
(Against All Defendants)

67.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

68.     Defendants had an affirmative duty to make reasonable accommodations for Plaintiff's disability. This duty arises even if an accommodation is not requested.  Upon notice of Plaintiff's disability, Defendants refused to accommodate Plaintiff's disability and later terminated Plaintiff's employment.

69.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

70.     As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

71.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment.  Defendants are liable for the conduct of said agents and employees under the doctrine of strict liability.

72.     Defendants 'committed these acts maliciously, fraudulently and oppressively in conscious disregard for the Plaintiff's rights.  Defendants committed and/or ratified the acts alleged herein. These acts were committed with the knowledge of employees' lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of Defendants.  Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial.

73.     As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION
### FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS IN VIOLATION OF FEHA
#### (CAL. GOV'T CODE § 12940(n) et seq.)
#### (Against All Defendants)

74.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

75.     Plaintiff's disability limited Plaintiff in major life activities, including, but not limited to, working.  Defendants knew about Plaintiff's disability.  Despite his disability, Plaintiff was qualified and able to perform the essential functions of his job with a reasonable accommodation.

76.     Defendants, by and through its supervisors and/or agents, discriminated and retaliated against Plaintiff because of his disability. Plaintiff was subjected to discrimination and adverse employment action by Defendants because his disability.

77.     Plaintiff is informed and believes, and thereon alleges, that his disability, along with the possibility that he might require accommodations and/or leave for treatment in the future, was a substantial motivating factor in Defendants' decision to treat his differently from similarly situated non-disabled employees.  Plaintiff further alleges, on information and belief, that he was subjected to different terms and conditions of employment than his non-disabled co-workers.

78.     Defendants' failure to engage in the interactive process was a substantial factor in causing Plaintiff harm.

79.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

80.     As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

81.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment.  Defendants are liable for the conduct of said agents and employees under the doctrine of strict liability.

82.     Defendants committed these acts maliciously, fraudulently and oppressively in conscious disregard for the Plaintiff's rights.  Defendants committed and/or ratified the acts alleged herein.  These acts were committed with the knowledge of employees' lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of Defendants.  Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial.

83.     As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights.  Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

### SIXTH CAUSE OF ACTION
### FAILURE TO PREVENT IN VIOLATION OF FEHA
### (CAL. GOV'T CODE § 12940(k) et seq.)
### (Against All Defendants)

84.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

85.     Defendants failed to take all reasonable steps to prevent discrimination, harassment and retaliation against Plaintiff from occurring, and failed to take immediate corrective action to remedy the discrimination, harassment, and retaliation, in violation of FEHA, Cal. Gov't Code § 12940(k).

86.     Specifically, Defendants failed to take any disciplinary measures to prevent and/or remedy the harassment, discrimination and retaliation against Plaintiff, such as issuing a formal warning, providing counseling, or imposing probation, suspension, or termination, or conducting a prompt and thorough investigation into Plaintiff's complaints of discrimination, harassment and retaliation that are the subject of this lawsuit.— —

87.     As a direct and proximate result of Defendants' conduct and failures to act, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

88.     As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

89.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment.  Defendants are liable for the conduct of said agents and employees under the doctrine of strict liability.

90.     Defendants committed these acts maliciously, fraudulently and oppressively in conscious disregard for the Plaintiff's rights.  Defendants committed and/or ratified the acts alleged herein.  These acts were committed with the knowledge of employees' lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of Defendants.  Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial.

91.     As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

**SEVENTH CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF FEHA**
**(CAL. GOV'T CODE § 12940(h) et seq.)**
**(Against All Defendants)**

92.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

93.     California law further protects employees from retaliation for exercising the right to oppose a practice prohibited by FEHA, Cal. Gov't Code, § 12900, et seq.

94.     Plaintiff's need to take medical leave and repeated opposition to sexual orientation harassment were motivating reasons for his termination.

95.     Plaintiff's continuous opposition to the differential treatment, and harassment and discrimination of gay or homosexual individuals, and practices forbidden by FEHA were motivating reasons for his termination.

96.     Defendants' retaliatory conduct was a substantial factor in causing Plaintiff's harm.

97.     Defendants committed unlawful retaliation in violation of Section 12940, subdivision (h), by terminating Plaintiff for requesting and requiring an accommodation, as well as opposition to sexual orientation harassment, practices prohibited by FEHA.

98.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

99.     As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

100.    The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment.  Defendants are liable for the conduct of said agents and employees under the doctrine of strict liability.

101.    Defendants committed these acts maliciously, fraudulently and oppressively in conscious disregard for the Plaintiff's rights.  Defendants committed and/or ratified the acts alleged herein.  These acts were committed with the knowledge of employees' lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of Defendants.  Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial.

102.    As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights.  Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

### EIGHTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
#### (Against All Defendants)

103.    Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

104.     At all times relevant to this Complaint, FEHA was in full force and effect and binding upon Defendants. FEHA prohibits employers from discharging or otherwise discriminating against an employee on the basis of disability or gender in compensation, terms, conditions, or privileges of employment. Cal. Gov't Code § 12940(a)

105.     It is "the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of . . . physical disability, mentally disability, [or] medical condition, gender identiy, gender expression, sex..." Cal. Gov't Code § 12920.

106.     Defendants violated California public policy by terminating Plaintiff's employment because of his disability and opposition sexual orientation harassment.  The termination was in violation of fundamental, substantial public policies of this state, including, but not limited to the FEHA, CFRA, and the federal ADA and its amendments, Title VII, and FMLA.

107.     As a proximate result of Defendants' wrongful conduct, Plaintiff has suffered actual, consequential, and incidental damages, including without limitation, loss of regular employment and loss of career advancement opportunities in an amount subject to proof at trial.

108.     As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer, substantial earnings and job benefits, in addition to humiliation, embarrassment, and mental and emotional distress in an amount exceeding jurisdictional limits, the precise amount of which is subject to proof at trial.

109.     Defendants' acts were committed maliciously, fraudulently, and oppressively, with the wrongful intention of harming Plaintiff. Therefore, Plaintiff is entitled to punitive damages in amount subject to proof at trial.

110.     Defendants' wrongful conduct has also necessitated the retention of legal counsel to pursue Plaintiff's claims, the costs of which should be borne by Defendants.

//

//

//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.  For declaratory relief, i.e. a declaration of the Court that Defendants violated the Fair Employment and Housing Act with respect to Plaintiff's employment and his termination and provide instruction to Defendants to ensure future compliance;

2.  For injunctive relief pursuant to California Government Code Section 12965(b)(3), including, without limitation, a requirement that Defendant conduct training for all employees, supervisors, and management on the requirements of the Fair Employment and Housing Act, the rights and remedies of those who allege a violation of the Fair Employment and Housing Act and the employer's internal grievance procedures;

3.  For all actual, consequential, and incidental financial losses, including but not limited to, loss of earnings and employment benefits, together with prejudgment interest, according to proof;

4.  For punitive damages;

5.  For compensatory, general, and special damages, including front pay, in an amount according to proof;

6.  For statutory attorneys' fees;

7.  For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

8.  For costs of suit;

9.  For expert witness fees pursuant to FEHA; and

10. For such other and further relief as the Court may deem just and proper

DATED:  December 4, 2018                    **TOWER LEGAL GROUP, P.C.**

By: _____
JAMES A. CLARK
RENEE N. PARRAS
Attorneys for Plaintiff, Kyle Brager

1

## DEMAND FOR JURY TRIAL

2

3          Plaintiff Brager hereby demands trial by jury.

4

5     DATED:  December 4, 2018                    **TOWER LEGAL GROUP, P.C.**

6

7

8                                        By: _____

9                                              JAMES A. CLARK
                                             RENEE N. PARRAS
10                                           Attorneys for Plaintiff, Kyle Brager

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

# EXHIBIT A

24

25

26

27

28



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR KEVIN KISH

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 I TDD (800) 700-2320
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

December 5, 2017

Kyle Brager
1052 Melo Way
Manteca, California 95337

RE:     **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 201712-00258605
Right to Sue: Brager / Costco Wholesale Corporation et al.

Dear Kyle Brager,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
December 5, 2017 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

### NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

Case Number: **STK-CV-UWT-2018-0015111**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 06/03/2019 | Time: 8:45 AM | |
|---|---|---|---|
| **JUDGE** | **COURT LOCATION** | **DEPARTMENT** | **PHONE Numbers:** |
| Barbara Kronlund | Stockton | 10D | Stockton: 209-992-5693<br>Lodi:     209-992-5522 |

## [ x ]  ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1.  You must:

    a.  **Serve** all named defendant's and file proofs of service on those defendants with the court **Within** 60 days of the filing of the complaint. (CRC 3.110)

    b.  **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c.  **Meet and Confer, in person** or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d.  **Collection cases** are managed pursuant to CRC 3.740.

2.  **You may appear in person or by telephone** at the Case Management Conference. To make arrangements for telephonic appearance you must call Court Call, at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.

Date: 12/04/2018                                    _____Trudy Haley_____,Deputy Clerk

### NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

# EXHIBIT 2

1  SEYFARTH SHAW LLP
   Mark P. Grajski (SBN 178050)
2  mgrajski@seyfarth.com
   Lindsay S. Fitch (SBN 238227)
3  lfitch@seyfarth.com
   400 Capitol Mall, Suite 2350
4  Sacramento, California 95814-4428
   Telephone:    (916) 448-0159
5  Facsimile:    (916) 558-4839

6  Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION
7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN JOAQUIN

10  KYLE BRAGER,                          Case No. STK-CV-UWT-2018-15111

11              Plaintiff,                **Assigned to Hon. Barbara A. Kronlund**

12       v.                               **DEFENDANT COSTCO WHOLESALE
                                          CORPORATION'S ANSWER TO
13  COSTCO WHOLESALE CORPORATION, a       COMPLAINT**
    corporation; and DOES 1-25, inclusive,
14                                        Judge:  Hon. Barbara A. Kronlund
                Defendants.               Dept.:  10D
15

16                                        Complaint Filed:  December 4, 2018

17

18       Defendant COSTCO WHOLESALE CORPORATION ("Defendant") answers the unverified

19  Complaint of Plaintiff KYLE BRAGER ("Plaintiff") as follows:

20                           **GENERAL DENIAL**

21       Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d), Defendant

22  denies, generally and specifically, each and every allegation, statement, matter and each purported cause

23  of action contained in Plaintiff's Complaint. Without limiting the generality of the foregoing, Defendant

24  also denies, generally and specifically, that Plaintiff has been damaged in the manner or sums alleged, or

25  in any way at all, by reason of any acts or omissions of Defendant, or either of them.

26  ///

27  ///

28

                                      1
        DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO COMPLAINT
52701161v.1

FILED
SUPERIOR COURT - STOCKTO
2019 JAN -4  AM 9: 17
ROSA JUNQUEIRO CLERK
TRUDY L. HALEY

## SEPARATE ADDITIONAL AND AFFIRMATIVE DEFENSES

In further answer to the Complaint, Defendant alleges the following separate and distinct affirmative or additional defenses.  In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. Further, Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims and therefore reserves the right to amend its Answer to add facts and defenses, should Defendant later discover facts demonstrating the existence of additional defenses.

### FIRST AFFIRMATIVE DEFENSE

(Failure To State Cause Of Action)

Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

(Statute Of Limitations)

Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, is barred by the applicable statute of limitations including, but not limited to, California Government Code sections 12960 and 12965; and California Code of Civil Procedure sections 335.1, 337, 338, 339, 340(c), and 343.

### THIRD AFFIRMATIVE DEFENSE

(Failure To Exhaust Administrative Remedies)

Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, is barred to the extent that she has failed to exhaust administrative remedies pursuant to California Government Code sections 12960, 12965, the Labor Management Relations Act, 29 U.S.C. section 160(b) and 185, and all other applicable laws.

### FOURTH AFFIRMATIVE DEFENSE

(Good Faith)

Any and all conduct of which Plaintiff complains or which is attributed to Defendant was a just and proper exercise of management discretion, at all times privileged and justified, and undertaken for fair and honest reasons, in good faith and without malice.

2

DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO COMPLAINT

52701161v.1

### FIFTH AFFIRMATIVE DEFENSE

(Failure To Exhaust Internal Remedies)

Plaintiff's claims, in whole or in part, are barred because Costco maintains a policy prohibiting discrimination, and provides an internal procedure for complaint, investigation and remedial action, and Plaintiff had knowledge of the policy and failed to make an internal complaint and exhaust his internal remedies provided by Costco.

### SIXTH AFFIRMATIVE DEFENSE

(Failure To Take Advantage Of Preventative/Corrective Opportunities)

If any of Defendant's employees or agents engaged in unlawful discriminatory or retaliatory behavior towards Plaintiff, Defendant is not liable, or Plaintiff's damages must be reduced accordingly, because Defendant exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory behavior, and Plaintiff unreasonably failed to avail himself of preventative and corrective opportunities provided by Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

Plaintiff's claims for damages are barred to the extent he engaged in any fraud or misconduct of which Defendants were unaware until after Plaintiff filed suit, and which, if known would have caused Plaintiff to be terminated or not hired in the first place.

### EIGHTH AFFIRMATIVE DEFENSE

(Failure To State Claim For Punitive Damages)

Plaintiff's Complaint fails to state facts sufficient to constitute a claim for punitive damages against Defendant pursuant to California Civil Code section 3294.

### NINTH AFFIRMATIVE DEFENSE

(Lack Of Malice)

Assuming, arguendo, any conduct alleged by Plaintiff occurred, such conduct was not the result of purposeful, bad faith, knowing, willful, intentional, oppressive, fraudulent, malicious, despicable, or callous motive by Defendant.  Plaintiff may not recover punitive damages against Defendant for the employment decisions of its agent(s) to the extent those decisions were contrary to policies instituted

3

against wrongful conduct including policies and good faith enforcement of rules prohibiting harassment, retaliation and discrimination.

## TENTH AFFIRMATIVE DEFENSE

### (*Kolstad* Defense)

Plaintiff may not recover punitive damages against Defendant for the employment decisions of its agent(s) to the extent that those decisions were contrary to policies Defendant has instituted against wrongful conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure To Comply With Terms Of Employment)

Plaintiff's claims, in whole or in part, are barred by Plaintiff's failure to comply with Costco's express or implied policies or procedures governing Plaintiff's employment.

## TWELFTH AFFIRMATIVE DEFENSE

### (Exercise Of Reasonable Care)

The Complaint, and each purported cause of action contained therein, is barred in whole or in part because Costco exercised reasonable care to prevent and promptly correct any alleged discriminatory or retaliatory behavior.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Scope Of Employment)

Defendant is not liable for the alleged conduct of their employees to the extent that such conduct was outside the course and scope of its employment.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Legitimate And Nondiscriminatory/Non-Retaliatory Business Reason For Conduct)

The Complaint, and each purported cause of action contained herein, is barred in whole or in part because the alleged conduct about which Plaintiff complains was not based on any actual or perceived disability, or any other protected characteristic, and was not in retaliation for Plaintiff's exercise of any statutory, constitutional, or common law rights, but was based on one or more legitimate, nondiscriminatory and/or non-retaliatory business reasons.

DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO COMPLAINT

52701161v.1

## FIFTEENTH AFFIRMATIVE DEFENSE

(Same Decision)

Plaintiff's remedies are limited and/or liability is precluded because Defendant would have taken the same action in the absence of the alleged impermissible motivating factor(s).

## SIXTEENTH AFFIRMATIVE DEFENSE

(Failure To Comply With Employer Directions)

The Complaint, and each purported cause of action contained therein, is barred in whole or in part because Plaintiff failed to substantially comply with all the direction of Defendant and its agents, representatives, employees, and/or supervisors concerning the services upon which she was engaged, and such disobedience was neither impossible, nor unlawful, and did not impose new and/or unreasonable burdens upon Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Plaintiff Was Not Disabled)

Plaintiff's claims, in whole or in part, are barred because Plaintiff was not disabled and/or did not suffer from a disability, as defined by applicable law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Failure To Mitigate Damages)

Plaintiff is not entitled to back pay and/or other damages for any cause of action purported to be alleged in her Complaint to the extent that she failed to mitigate his alleged loss of wages or other damages.

## NINETEENTH AFFIRMATIVE DEFENSE

(Setoff)

To the extent Plaintiff has received other benefits and/or awards attributable to an injury for which he seeks compensation in this case, such benefits and/or awards should offset, in whole or in part, any award he receives here for the same injury.

DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO COMPLAINT

52701161v.1

### TWENTIETH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, is barred in whole or in part by judicial, equitable and/or collateral estoppel.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Waiver)

Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, is barred in whole or in part by the doctrine of waiver.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiff's Complaint, and every cause of action purported to be alleged therein, is barred by the doctrine of unclean hands.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Ratification)

Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, is barred in whole or in part because any conduct by Defendant was ratified, consented to and/or acquiesced in by Plaintiff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Avoidable Consequences)

If Plaintiff sustained any injury, damage or loss by reason of any act, error or omission on the part of Defendant, said injury, damage, or loss must be reduced to the extent that he failed to exercise reasonable care to avoid or limit the alleged harm.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Workers' Compensation Pre-emption)

Plaintiff's Complaint, and each cause of action attempted to be stated therein, arises from an employment relationship, such that any emotional distress or mental anguish allegedly suffered is barred by the exclusive remedy provided by California Labor Code sections 3600 et. seq., and cannot be

6

52701161v.1

1 | compensated for in the present action.

2 | RIGHT TO ASSERT ADDITIONAL DEFENSES

3 |    Defendant presently has insufficient knowledge or information upon which to form a belief

4 | whether there may be additional, as yet unstated, defenses, and reserves the right to assert additional

5 | defenses in the event that discovery indicates that such defenses are appropriate.

6 | PRAYER

7 |    Wherefore, Defendant prays for judgment as follows:

8 |    1.  That Plaintiff takes nothing for the Complaint;

9 |    2.  That judgment be entered in favor of Defendant and against Plaintiff on all causes of

10 | action;

11 |    3.  That Defendant be awarded reasonable attorneys' fees;

12 |    4.  That Defendants be awarded its costs of suit incurred herein; and

13 |    5.  That Defendant be awarded such other and further relief as the Court may deem

14 | appropriate.

DATED: January 3, 2019

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____

Mark P. Grajski
Lindsay S. Fitch

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

7

52701161v.1

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 400 Capitol Mall, Suite 2350, Sacramento, California  95814-4428.  On January 3, 2019, I served the within document(s):

**DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO COMPLAINT**

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as set forth below.

[ ] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[ ] by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Sacramento, California, addressed as set forth below.

[ ] by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

James A. Clark                                   *Attorneys for Plaintiff*
Renee P. Ortega
Tower Legal Group, P.C.                   Tel:  (916) 361-6009
11335 Gold Express Drive, Suite 105   Fax:  (916) 361-6019
Gold River, CA  95670                       james.clark@towerlegalgroup.com
                                                        renee.parras@owerlegalgroup.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 3, 2019, at Sacramento, California.

_____
Linda Ninelist

PROOF OF SERVICE

53814907v.1