UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE BRAGER,<br><br>Plaintiff,<br><br>v.<br><br>COSTO WHOLESALE CORPORATION, et al.<br><br>Defendants. | No. 2:19-cv-00044-DJC-CSK<br><br><br>ORDER |

Plaintiff Kyle Brager filed this action on December 4, 2018, alleging he was subjected to sexual orientation harassment while employed by Defendant Costco Wholesale Corporation ("Costco"). (*See* ECF No. 1.) Costco filed for summary judgment on Plaintiff's claims on September 15, 2020, and the Court granted summary judgment except as to Plaintiff's claims for sexual orientation harassment and failure to prevent sexual orientation harassment. (ECF No. 14.) Trial began on December 9, 2024, on Plaintiff's remaining claims, and the jury returned a verdict in favor of Costco on December 12, 2024. (ECF Nos. 103, 112.) Judgment was entered that same day. (ECF No. 111.)

Costco filed their Bill of Costs on December 26, 2024, seeking $19,894.34. (ECF No. 118.) Plaintiff filed Objections on January 4, 2025, asking the Court to deny Defendants' requested costs in their entirety based the importance of his case and his

financial status. (*See* ECF No. 119 at 2-4.) Plaintiff also objected to specific "unauthorized" costs. (*Id.* at 5-9.)

As discussed further below, the Court will grant Costco's request for costs. However, the Court finds it appropriate to reduce the requested costs by 50% to lessen any potential chilling effect of the costs award and in recognition of the Parties' financial disparity. Thus, the Court will award Costco $9,947.17 in costs.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). Given this presumption, "it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted).

A district court need not give affirmative reasons for awarding costs. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). However, if a court declines to award costs to the prevailing party, it must explain "why, in the circumstances, it would be inappropriate or inequitable to [do so]." *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593. "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014) (citing *Ass'n of Mexican-Am. Educators*, 231 F.3d at 592-93). "This is not 'an exhaustive list of "good reasons" for declining to award costs,' but rather a starting point for analysis." *Id.* at 1248 (quoting *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593).

////

2

## DISCUSSION

Plaintiff argues the Court should deny Costco's requested costs because (1) Plaintiff's claims promoted an important public interest, combatting homophobia in Costco's workplace; (2) the issues were both close, as Plaintiff survived summary judgment on several key claims, and difficult, as the Parties contested whether Costco should be liable for the "egregious" harassment Plaintiff suffered after his termination; (3) taxing costs against Plaintiff could chill future claims of sexual orientation harassment, claims which are already difficult for many victims to bring forward; (4) Plaintiff has very limited resources as his primary source of income is making deliveries for Instacart; and (5) the economic disparity between Plaintiff and Costco is vast, as Costco is worth over $200 billion.  (ECF No. 119 at 2–4.)  The Court will weigh each factor in turn.

*Substantial Public Importance*.  The Ninth Circuit has found substantial public importance in cases that carry implications beyond the immediate parties involved.  For instance, in *Association of Mexican-American Educators*, plaintiffs raised an issue of substantial public importance because "the action affect[ed] tens of thousands of Californians and the state's public school system as a whole."  231 F.3d at 593.  Similarly, in *Escriba*, the court noted evidence suggesting that the plaintiff's claim under the Family and Medical Leave Act was of the type that could "establish the parameters of what constitutes sufficient employee notice" and furthermore "potentially had a much broader application to the workplace."  743 F.3d at 1248 (cleaned up).  Plaintiff makes no clear demonstration here that the outcome of his claims carried wider consequences for the public.  As such, Plaintiff's claims do not exceed the bounds of a controversy between the involved parties.  *See Mosavi v. Mt. San Antonio Coll.*, No. LACV-15-04147-VAP-AFMX, 2018 WL 6219864, at *3 (C.D. Cal. Nov. 15, 2018) ("[T]his case amounted to a dispute between two people about whether sexual assault, religious harassment, retaliation, and violence took place. Although every case alleging a potential civil rights violation is important, the present

case is not 'extraordinary' as defined by the Ninth Circuit."). Thus, this factor weighs against Plaintiff.

*Closeness and Difficulty of the Issues.* Courts have found close and difficult issues under a variety of circumstances. For instance, a case may be close and difficult because it necessarily turns on a close factual or legal determination. *See e.g., Draper v. Rosario*, 836 F.3d 1072, 1088 (9th Cir. 2016); *Escriba*, 743 F.3d at 1248. Surviving summary judgment, though not determinative, is also evidence of a close and difficult issue. *Compare Economus v. City & Cnty. of San Francisco*, No. 18-CV-01071-HSG-DMR, 2019 WL 3293292, at *3 (N.D. Cal. July 5, 2019), *report and recommendation adopted*, No. 18-CV-01071-HSG, 2019 WL 3290761 (N.D. Cal. July 22, 2019) (noting that "[t]he fact that Defendants prevailed at the summary judgment stage does not mean the issues presented were not close or difficult") *with Hamilton v. Yavapai Cmty. Coll. Dist.*, No. CV-12-08193-PCT-GMS, 2022 WL 504474, at *2 (D. Ariz. Feb. 18, 2022) (concluding that the "case was far from an easy one" because "[t]he litigation lasted for the better part of a decade, and several of Plaintiff's claims survived motions to dismiss, for judgment on the pleadings, and for summary judgment"). Here, given that two of Plaintiff's claims survived summary judgment, the Court finds that this factor weighs slightly in his favor.

*Chilling Effect.* Litigation is not without its risks and "liability for costs is a normal incident of defeat." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981). Yet the Ninth Circuit recognizes a countervailing policy to not unduly discourage "civil rights litigants who are willing to test the boundaries of our laws." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1080 (9th Cir. 1999). While Plaintiff's claims ultimately failed, it is possible awarding costs in this unsuccessful but non-frivolous suit could cause other individuals to hesitate to bring their own meritorious claims. It is true that the costs Costco seeks are not extraordinarily high. *Cf. Ass'n of Mexican-Am. Educators*, 231 F.3d at 591, 593 (concluding that costs in the amount of $216,443.67 were "extraordinarily high"). But "even modest costs can discourage potential plaintiffs who

4

. . . earn low wages." *Escriba*, 743 F.3d at 1249. Thus, this factor weighs somewhat in favor of Plaintiff.

*Plaintiff's Limited Financial Resources.* "Costs are properly denied when a plaintiff 'would be rendered indigent should she be forced to pay' the amount assessed." *Escriba*, 743 F.3d at 1248 (quoting *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1080). A plaintiff seeking to avoid paying costs is not required to "provide any evidence of her financial situation, but she does have the burden of demonstrating that [the] general presumption in favor of Defendants' costs does not apply." *Greene v. Buckeye Valley Fire Dep't*, No. CV-11-02351-PHX-NVW, 2013 WL 12160997, at *1 (D. Ariz. July 16, 2013). A plaintiff's mere declaration of financial hardship may be insufficient to carry the burden. *Id*. Plaintiff argues that requiring him to pay Costco's costs would cause him financial hardship. (ECF No. 119 at 4.) Although bearing Costco's costs may financially strain Plaintiff, he has not demonstrated that paying such costs would render him indigent. Accordingly, this factor weighs against Plaintiff.

*Economic Disparity Between the Parties.* As a general principle, "financial disparity almost always exists between individual plaintiffs litigating against . . . large defendants such as corporations or governments." *Van Horn v. Dhillon*, No. 08-CV-01622-LJO-DLB, 2011 WL 66244, at *4 (E.D. Cal. Jan. 10, 2011). Accordingly, "disparity alone is insufficient to overcome the presumption in favor of awarding costs." *Ayala v. Pac. Mar. Ass'n*, No. C08-0119-TEH, 2011 WL 6217298, at *2 (N.D. Cal. Dec. 14, 2011). Nevertheless, disparity is a consideration. Undoubtedly, there is a substantial economic disparity between Plaintiff and Costco. This factor weighs in favor of Plaintiff.

Balancing these factors, the Court finds that Plaintiff has failed to demonstrate that this is an extraordinary case such that Costco should be denied their costs outright. Yet the Court recognizes the potential chilling effect that awarding costs may produce, as well as the economic disparity between parties. These factors are sufficient to warrant a reduction in costs. *See Cornfield v. Pickens*, No. CV-16-00924-

PHX-ROS, 2018 WL 8262770, at *3 (D. Ariz. Mar. 22, 2018), *aff'd sub nom. Cornfield v. Thompson*, 765 F. App'x 387 (9th Cir. 2019) (reducing costs in a meritless claim solely because plaintiffs had limited financial means and awarding over twenty-thousand dollars in costs "would have a disproportionate chilling effect on civil rights litigants"). As discussed above, the costs involved here are not extraordinary but still sufficient to deter similarly positioned litigants from pursuing similar claims. Reducing costs is an appropriate measure to "strike[ ] the proper balance between the presumption in favor of awarding [a prevailing party's] costs and the discretionary factors" militating against granting costs. *Magdaluyo v. MGM Grand Hotel, LLC*, No. 2:14-CV-01806-APG-GWF, 2018 WL 3429684, at *4 (D. Nev. July 16, 2018). In this instance, the Court finds that reducing Costco's costs by 50% strikes the appropriate balance.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Costco Wholesale Corporation's request for $19,894.34 in costs (ECF No. 118) is GRANTED in part. The Court will award Costco 50% of their requested costs, or $9,947.17.

IT IS SO ORDERED.

Dated: **February 18, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – Brager19cv44.BillCosts